[No. 3,126.]

## DENNIS O'BRIEN *v.* EDMUND L. JONES.

Construction of Lease.—Where J. leased of O. a tract of farming land for one year after June 14th, 1870, and O. agreed in the lease that he would refrain from using any ground had under cultivation by J. until November 1st, 1871: *Held*, that the term of the lease expired June 14th, 1871, and that if J. desired to claim anything under the agreement that O. would not use the cultivated ground until November 1st, 1871, he should have averred that the land was under cultivation at the date of the demand for the possession.

Appeal from the County Court of San Diego County.

Cal. Reps. XLIV—25

This was an action brought under section four of the "Act concerning forcible entries and unlawful detainers," approved April 27th, 1863; Stats. 1863, p. 653. The body of the lease was as follows:

"Dennis O'Brien, the party of the first part, hereby agrees to rent, let, or lease to Edmund L. Jones, the party of the second part, all the farm or homestead claim of one hundred and sixty acres of land, situated as above, for one year from date, to wit: until the 14th day of June, 1871. And E. L. Jones, the party of the second part, hereby agrees and binds himself to pay for the use of the above mentioned property, in cash, the sum of two hundred and twenty-five dollars, and an iron-gray horse, to be paid as follows: One hundred and twelve dollars and fifty cents on the 1st day of July, 1870, and one hundred and twelve dollars and fifty cents on the 1st of October, 1870, and to deliver over the premises to the above mentioned Dennis O'Brien, in good condition, on the 14th day of June, 1871, and to make no charge for any improvement done during his occupation. Dennis O'Brien hereby agrees to refrain from turning any stock on, or otherwise using, any ground E. L. Jones has under cultivation, until the 1st day of November, 1871."

The defendant, in his answer, denied that the term of the lease had expired, and claimed that it extended to November 1st, 1871, but did not aver that the land, or any part of it, was under cultivation.

The Court struck out the answer, and gave judgment for the plaintiff. The defendant appealed.

The other facts are stated in the opinion.

*G. A. Jones,* for Appellant.

*Gatewood & McNealy,* for Respondent.

By the Court, NILES, J.:

The answer contained no defense, and was properly stricken out. The lease, which is made part of the answer, shows upon its face that the defendant's term expired on the 14th day of June, 1871. He admits that he was served with notice to quit on the 19th of July. This was exactly in accordance with the requirements of the Act of April 27th, 1863 (Stats. 1863, p. 652), under which the plaintiff proceeded. If the defendant proposed to claim anything under the plaintiff's agreement, that he would refrain from turning any stock on, or otherwise using, any ground the defendant had under cultivation, until the 1st of November, 1871, he should have averred that the land, or some portion of it, was under cultivation at the date of the demand.

Judgment affirmed.